UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD WEST, SR.

VERSUS                                         CIVIL ACTION

STATE OF LOUISIANA, ET AL                      NUMBER 09-564-BAJ-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on December 7, 2010.

                                **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD WEST, SR.

VERSUS                                                          CIVIL ACTION

STATE OF LOUISIANA, ET AL                       NUMBER 09-564-BAJ-DLD

MAGISTRATE JUDGE'S REPORT

This matter is before the court on the Motion to Dismiss Pursuant to Rule 12(b)(6) filed on behalf of Paul Perkins. Record document number 13. The motion is opposed.[1] Defendant filed a Reply to Plaintiff's Opposition to Motion to Dismiss.[2]

Harold West, Sr., a former inmate confined in Pointe Coupee Parish, brought this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana through the Louisiana Department of Corrections, Pointe Coupee Parish Sheriff Beauregard Torres, III, Paul Perkins, d/b/a Pointe Coupee Work Release, and Norman Gremillion. Plaintiff alleged that on August 4, 2008, while confined at a facility run by the Pointe Coupee Sheriff and/or Paul Perkins d/b/a Pointe Coupee Work Release, Gremillion used excessive force against him in violation of his constitutional rights. Plaintiff also asserted a state law battery claim against Gremillion.

Defendant Paul Perkins moved under Rule 12(b)(6), Fed.R.Civ.P., to dismiss the

---

[1] Record document number 19.

[2] Record document number 21.

complaint for failure to state a claim upon which relief can be granted on grounds that he is not a state actor subject to suit under § 1983 . In the alternative, the defendant moved to dismiss on grounds that the defendant had no personal involvement in the alleged incident and did not implement an unconstitutional policy or custom.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[3] Complaints need not anticipate, and attempt to plead around, potential affirmative defenses. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual

---

[3] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).

To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W. V. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). A plaintiff must also identify defendants who were personally involved or whose acts are causally connected to the alleged constitutional violation. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 1995).

A non-state actor may be held liable under § 1983 when the conduct challenged as the basis of the constitutional deprivation constitutes a state action under color of law. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).

Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct may be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753 (1982).

The fair attribution test has two parts:

"First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937, 102 S.Ct. at 2753-54.

In determining whether seemingly private conduct may be charged to the state, the Supreme Court has applied several different formulas including the public function test, the

state compulsion test, and the nexus or joint action test.

Under the public function test, a private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state. *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). However, "[w]hile many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'" *Flagg Bros. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 1734 (1978).

Under the state compulsion test, a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786 (1982). The State's mere acquiescence in private conduct, even where authorized by statute, will not transform that conduct into state action. *See Flagg Bros.*, 98 S.Ct. at 1737-38.

Under the nexus or joint action test, state action may be found where the government has "so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the enterprise." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 457 (1974)(citation omitted). Under the joint act test, private actors will be considered state actors where they are "willful participant[s] in joint action with the State or its agents." *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 550 (5th Cir. 2005).

The Supreme Court has not resolved "[w]hether these different tests are actually different in operation or simply different ways of characterizing [this] necessarily fact-bound inquiry...." *Cornish*, 402 F.3d at 550.

Plaintiff alleged that on August 4, 2008, while confined in a work release facility

5

operated by the Pointe Coupee Sheriff and/or Paul Perkins d/b/a Pointe Coupee Work Release, he was assaulted by Gremillion, a guard at the work release facility. Plaintiff alleged that Perkins failed to adequately train, monitor and supervise Gremillion.

In his motion to dismiss, Perkins argued that he is a member of Louisiana Workforce, LLC., a limited liability corporation which operates a work release program authorized by LSA-R.S. 15:711 pursuant to a contract between Louisiana Workforce, LLC., the Sheriff of Pointe Coupee Parish and the Pointe Coupee Parish Police Jury. Perkins argued that the public contract between Louisiana Workforce, the sheriff and the police jury is insufficient to satisfy the "color of state law" requirement of § 1983.

Plaintiff opposed the motion arguing that the operation of a work release program is a function traditionally reserved to the state.

Viewing the complaint in the light most favorable to the plaintiff, and accepting all facts alleged as true, the allegations are sufficient to state a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be denied.

Signed in Baton Rouge, Louisiana, on December 7, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**