UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD WEST, SR.

VERSUS                                           CIVIL ACTION

STATE OF LOUISIANA, ET AL                        NUMBER 09-564-BAJ-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on June 1, 2011.

                                        **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD WEST, SR.

VERSUS                                                          CIVIL ACTION

STATE OF LOUISIANA, ET AL                            NUMBER 09-564-BAJ-DLD


**SUPPLEMENTAL AND AMENDING MAGISTRATE JUDGE'S REPORT**

This matter was referred back to the magistrate judge to consider issues raised by the defendants in their objections to the magistrate judge's reports issued December 7, 2010[1]. Record document number 34. For the reasons set forth in the December 7, 2011 magistrate judge's reports, as supplemented and amended herein, Norman Gremillion's motion to dismiss should be denied and Paul Perkins' motion to dismiss should be granted in part, dismissing the plaintiff's equal protection, due process and denial of medical care claims against Perkins, and in all other respects the motion to dismiss should be denied.


**Factual Allegations**

Plaintiff, Harold West, Sr., alleged that at the time of the incident he was committed to the custody of the Louisiana Department of Public Safety and Corrections and under the complete control of the Louisiana Department of Corrections, Pointe Coupee Sheriff, and/or Pointe Coupee Work Release. Plaintiff alleged that he was housed at a facility located in Pointe Coupee Parish operated by the Pointe Coupee Sheriff and/or Paul Perkins, d/b/a

---

[1] Record document numbers 28 and 29.

Point Coupee Work Release. Plaintiff alleged that on August 4, 2008, while asleep in his cell, Norman Gremillion[2], an officer, employee, agent, and/or representative of the Louisiana Department of Corrections, Pointe Coupee Parish Sheriff, and/or Pointe Coupee Work Release, entered his cell, pulled his pants down and rammed a wire coat hanger into his rectum causing severe physical injury which required medical attention. Plaintiff alleged that Gremillion, acting in his capacity as a guard, an officer, employee, agent and/or representative of the Louisiana Department of Corrections, Pointe Coupee Parish Sheriff, and/or representative of the Louisiana Department of Corrections, Pointe Coupee Parish Sheriff, and/or Pointe Coupee Work Release, used excessive force against him without provocation while acting under color of state law and in violation of 42 U.S.C. § 1983. Plaintiff alleged that Gremillion's actions caused physical injury, including but not limited to bleeding from the rectum which required medical care. Plaintiff alleged that despite his obvious bleeding from his rectum following the incident and his repeated requests, he was denied immediate access to a physician. Plaintiff also asserted a state law battery claim against Gremillion.[3]

Plaintiff alleged that during the attack, other officers, employees, agents and/or representatives of the Louisiana Department of Corrections, Pointe Coupee Parish Sheriff, and/or Pointe Coupee Work Release were present, witnessed the attack, but did nothing

---

[2] An employee of Louisiana Workforce, LLC., incorrectly identified as Point Coupee Work Release in the complaint.

[3] Plaintiff's claims against the State of Louisiana through the Louisiana Department of Public Safety and Corrections were previously dismissed. Record document number 35.

to stop it.

Plaintiff alleged that the Louisiana Department of Corrections, Pointe Coupee Parish Sheriff, and/or Paul Perkins d/b/a/ Pointe Coupee Work Release, failed to adequately train, monitor and properly supervise Gremillion, who had a history of such abuse of inmates. Plaintiff alleged that Gremillion was not fit for the responsibilities to which he was assigned, and should not have been given unfettered control of and/or access to him. Plaintiff alleged that Gremillion was not adequately trained to properly interact with inmates over whom he had control.

Plaintiff alleged that the Louisiana Department of Corrections, Pointe Coupee Parish Sheriff, and/or Paul Perkins, d/b/a Pointe Coupee Work Release, in their custom, pattern and practice, systematically fostered an atmosphere that encouraged the use of excessive force and/or gratuitous punishment by their officers, employees, agents and/or representatives.

Plaintiff alleged that the Louisiana Department of Corrections, Pointe Coupee Parish Sheriff, and/or Paul Perkins, d/b/a Pointe Coupee Work Release knew, should have known, and/or had a duty to know, that Gremillion and/or other officers routinely, intentionally, with malice, reckless indifference, and without provocation, were inclined to violate the constitutional rights of inmates through the use of excessive force and gratuitous punishment. Plaintiff alleged that the defendants failed to take reasonable action to prevent this excessive routine use of force and gratuitous punishment, including the routine use of excessive force and gratuitous punishment which resulted in the plaintiff's injuries.

Perkins moved pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss the complaint for failure to state a claim upon which relief can be granted on grounds that he is not a state

4

actor subject to suit under § 1983. In the alternative, Perkins moved to dismiss on grounds that he had no personal involvement in the alleged incident and did not implement an unconstitutional policy or custom.[4]

Gremillion moved pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the complaint for failure to state a claim upon which relief can be granted on grounds that he is not a state actor subject to suit under § 1983.[5]

## Applicable Law and Analysis

### A. State Actor

Perkins argued that he is a private individual who is a member of Louisiana Workforce, LLC, a limited liability company which operates a work release program pursuant to a contract between Louisiana Workforce, LLC., the Sheriff of Pointe Coupee Parish and the Police Jury of the Parish of Pointe Coupee, Louisiana.[6] The main purpose of the work release program is to assist offenders transition back into the community, including assistance in retaining private employment.

Gremillion argued that he is a private individual employed by Louisiana Workforce, LLC., who was neither employed by or affiliated with the State of Louisiana and was not acting under color of state law at the time of the incident.

In their objections to the magistrate judge's report, Perkins and Gremillion argued that the challenged conduct is not fairly attributable to the State. Specifically, Perkins

---

[4] Record document number 13.

[5] Record document number 20.

[6] Improperly referred to in the complaint as Paul Perkins, d/b/a Point Coupee Work Release.

argued that because he does not perform a function that is the exclusive prerogative of the State, he has not been coerced by the government and he did not act in conjunction with any state authority or state actor, he is not an extension of the state government such that he may be subjected to a claim in federal court.[7] Gremillion adopted Perkins' argument in his objection the magistrate judge's report.[8]

To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W. V. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). A plaintiff must also identify defendants who were personally involved or whose acts are causally connected to the alleged constitutional violation. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 1995). A non-state actor may be held liable under § 1983 when the conduct challenged as the basis of the constitutional deprivation constitutes a state action under color of law. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).

Deciding whether a deprivation of a protected right is fairly attributable to the State begins by identifying the specific conduct of which the plaintiff complains. *Cornish v. Correctional Services Corp*., 402 F.3d 545, 550 (5th Cir. 2005). In determining the presence of state action, the court is not to conduct a far-flung investigation into all of a defendant's possible activities, but rather it must focus on " 'the specific conduct of which

---

[7] Written Objections to the Magistrate's Report and Recommendations on the Motion to Dismiss Filed by Paul Perkins, record document number 30, pp.5-6.

[8] Written Objections to the Magistrate's Report and Recommendations on the Motion to Dismiss Filed by Paul Perkins, record document number 31, p.2.

the plaintiff complains.' " *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51, 119 S.Ct. 977 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777 (1982)).

Here, the conduct is Gremillion's excessive use of force[9] and Perkins' failure to adequately train and supervise his employee[10]. Therefore, at issue is whether Gremillion's alleged use of excessive force and Perkins' alleged failure to train and supervise Gremillion is fairly attributable to the State.

Accepting the plaintiff's allegations as true, as the court must do when considering a motion to dismiss, that: (1) Gremillion, a guard at the prison facility, entered the plaintiff's cell while he slept and applied excessive force against him without provocation, and (2) Perkins, Gremillion's supervisor, failed to adequately train and supervise Gremillion while acting as a guard at the prison facility, are actions which are "fairly attributable" to the State. *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744 (1982).

In the context of constitutional claims under 42 U.S.C. § 1983, courts have recognized the need to limit the liability of private persons through application of the "state action" doctrine. *Lugar*, 457 U.S. at 935, 102 S.Ct. 2744. Under this doctrine, courts "insist [ ]" as a prerequisite to liability "that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Id*. at 937, 102 S.Ct. 2744. "Without a limit such as this," the constitutional order would be disrupted because "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Id*. "What is fairly attributable [to the

---

[9] Complaint, at pp. 2-3, ¶ IV and V.

[10] Complaint, at pp. 5, ¶ IX; 8, ¶ XIII.

state] is a matter of normative judgment, and the criteria lack rigid simplicity." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924 (2001).

The alleged assault by Gremillion and the alleged actions of Perkins in failing to train and supervise his employee are sufficient in character to create constitutional liability. Although there is no suggestion that the state government had any stake, financial or otherwise, in Louisiana Workforce, it is undisputed that Perkins does business, through Louisiana Workforce, pursuant to a contract with the Sheriff of Pointe Coupee and the Pointe Coupee Police Jury, to operate the work release program at the prison facility in which the plaintiff was housed at the time Gremillion allegedly assaulted him. Such facts, if true, are sufficient to subject both Gremillion and Perkins to constitutional liability. *See Rosborough v. Management & Training Corp.*, 350 F.3d 459, 460-61 (5th Cir. 2003) (Supreme Court has suggested that privately owned correctional facilities may be sued under § 1983 by inmates because they perform a government function traditionally reserved to the states; thus, court joins Sixth Circuit in finding that private prison management corporations and their employees may be sued by prisoners for constitutional injury); *Frazier v. Bailey*, 957 F.2d 920, 928 (1st Cir. 1992) (employees of social service agencies who contract with state to provide services required by statute perform functions that are inherently governmental in nature and therefore act under the color of law for purposes of § 1983); *Conner v. Donnelly*, 42 F.3d 220, 225, 226 (4th Cir. 1994) (private physician who treated inmate on referral of prison physician acts under the color of state law even though he has no contractual relationship with prison because he is assuming state's constitutional obligation to provide medical care to prisoner); *Johnson v. Karnes*, 398 F.3d 868, 876 (6th Cir. 2005) (private physicians not formally employed by a state but

who serve prison populations as government contractors may be sued under § 1983, and thus district court erred in granting doctor's motion for summary judgment); *Flint ex rel. Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351-52 (6th Cir. 2001) (employee of private entity that had contract with state to oversee rehabilitation of prison inmates should be viewed as a state actor since defendant was performing a traditional state function in his management of prison print shop and was clothed with state authority); *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996) (warden, corrections officer, and detention facility run by publicly held corporation were acting under the color of state law in that they were performing traditional state function of operating prison and thus could be sued by inmate who claimed defendants failed to protect him from another inmate's attack and did not provide him with adequate medical care); *Phelps v. Dunn*, 965 F.2d 93, 101-02 (6th Cir. 1992) (volunteer chaplain who signed contract to provide religious services to inmates was state actor within meaning of § 1983); *Smith v. Cochran*, 339 F.3d 1205, 1213-15 (10th Cir. 2003) (where state department of corrections delegates its penological and supervisory authority over work-release inmates to state drivers license examination center, center's supervisory personnel were bound by Eighth Amendment constrictions, even though contract stated that department would retain full jurisdiction and authority over discipline and control of inmates; therefore, state drivers license examiner who had authority over inmate and who subjected her to nonconsensual sex could be held liable because he acted as functional equivalent of prison guard); and *Farrow v. West*, 320 F.3d 1235, 1239 n. 3 (11th Cir. 2003) (private physician under contract with the state to provide medical care to inmates acts under the color of state law for purposes of § 1983 when he is undertaking his duties to treat an inmate).

Viewing the complaint in the light most favorable to West, and accepting all facts alleged as true, the complaint is sufficient to allege facts establishing that Gremillion's alleged assault and Perkins' failure to train and supervise Gremillion is fairly attributable to the State of Louisiana. Accordingly, the defendants' motions to dismiss the claims against Gremillion and Perkins on grounds that neither is a state actor for purposes of 42 U.S.C. § 1983, should be denied.

**B. Supervisory Liability and Respondeat Superior**

Plaintiff alleged that Perkins failed to adequately supervise the actions of Gremillion. Specifically, the plaintiff alleged that Gremillion had a history of abuse of inmates but was given unfettered control and access to him. Plaintiff alleged that Perkins, in his custom, pattern and practice, systematically fostered an atmosphere that encouraged the use of excessive force and/or gratuitous punishment by his officers, employees, agents and/or representatives. Additionally, the plaintiff alleged that unidentified individuals witnessed the alleged assault but failed to do anything to stop it.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting *Monell v.*

*Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)). The existence of a constitutionally deficient policy cannot be inferred from a single wrongful act. *O'Quinn v. Manuel*, 773 F.2d 605, 609, 610 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427 (1985)).

Viewing the complaint in the light most favorable to West, and accepting all facts alleged as true, the complaint is sufficient to allege facts establishing that Perkins implemented a policy which gave Gremillion unfettered access and control of inmates even though he had a history of abuse of inmates and systematically fostered an atmosphere that encouraged the use of excessive force and/or gratuitous punishment by his officers, employees, agents and/or representatives. Plaintiff's allegations are sufficient to state a claim upon which relief can be granted.

### C. Failure to Train

In his objection to the magistrate judge's report, Perkins argued that the plaintiff failed to alleged conduct which rose to the level of deliberate indifference.

In order to hold Perkins liable under § 1983 for a failure to train, the plaintiff must not only show that he failed to train the officer, he must also establish a causal connection between the failure to train and the violation of his constitutional rights, and that such failure to train amounts to gross negligence or deliberate indifference. *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996).

A review of the complaint shows that it contains sufficient allegations to state a claim upon which relief can be granted. That allegation is essentially that Perkins failed to adequately train officers in the subject matter of "properly interacting with inmates over

whom they have control"[11] and this failure to train is directly related to the alleged assault on the plaintiff by Gremillion.

### D. Excessive Force & Denial of Medical Care

Plaintiff alleged that he was subjected to an excessive use of force by Gremillion and was denied adequate medical treatment following the incident.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff alleged no facts against Perkins regarding the denial of access to medical treatment. Plaintiff's allegation that Perkins is responsible for the actions of his subordinate is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

### E. Equal Protection

To prove a cause of action under § 1983 based on a violation of equal protection, the plaintiff must demonstrate that the officials acted with a discriminatory purpose. *Woods v. Edwards*, 51 F.3d 577 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group. *Id.* A violation of the equal protection clause occurs only when the governmental action in question classifies or

---

[11] Complaint, p. 5, ¶ IX.

distinguishes between two or more relevant persons or groups. *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).

Plaintiff did not allege any facts that Perkins discriminated against him because of his age, race, religion, sex, or national origin. Plaintiff failed to even allege that the defendants acted with a discriminatory purpose.

### F. Due Process Clause

Plaintiff alleged that his due process rights were violated but alleged no facts against Perkins regarding the alleged deprivation of due process.

### G. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court regarding his state law battery claim against Gremillion.

District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

The court should decline to exercise supplemental jurisdiction over the plaintiff's state law battery claim against Gremillion.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the magistrate judge's reports

issued December 7, 2010, record document numbers 28 and 29, be supplemented and amended as set forth herein, and that the motion to dismiss filed on behalf Norman Gremillion be denied, the motion to dismiss filed on behalf of Paul Perkins be granted in part, dismissing the plaintiff's equal protection, due process and denial of medical care claims against him, and in all other respects the motion to dismiss be denied. It is further recommended that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## ORDER

In his opposition to the Perkins' motion to dismiss, the plaintiff sought leave to amend the complaint to substitute Louisiana Workforce, LLC. as a defendant in place of Point Coupee Work Release.[12]

IT IS ORDERED that the plaintiff's motion to amend the complaint to substitute Louisiana Workforce, LLC. as a defendant is granted.

Signed in Baton Rouge, Louisiana, on June 1, 2011.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[12] Memorandum in Opposition to Motion to Dismiss, record document number 19, p. 2.