UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD WEST, SR.

VERSUS

STATE OF LOUISIANA, ET AL.

CIVIL ACTION

NO. 09-564-BAJ-DLD

**RULING**

This matter is before the Court on a motion by defendant, Lexington Insurance Company ("Lexington"), to stay cross-claim and compel arbitration (doc. 48). Defendant, Sheriff Beauregard Torres, III ("Sheriff Torres"), opposes the motion (doc. 52) and Lexington has replied to the opposition (doc. 55). Jurisdiction is based on 28 U.S.C. § 1331.

**Background**

Plaintiff, Harold West, Sr., filed this action pursuant to 42 U.S.C. 1983 on August 1, 2009 in connection with an incident that occurred on August 4, 2008 at the Louisiana Department of Corrections in Pointe Coupee Parish. (Complaint) In response to the initial complaint, Sheriff Torres filed a cross-claim against Defendant, Louisiana Workforce, LLC, and a third-party claim against Lexington for indemnification (doc. 41) pursuant to a Cooperative Endeavor Agreement, which allegedly provides that Louisiana Workforce, LLC must maintain a comprehensive liability policy and indemnify Sheriff Torres against liability. The

agreement also provides that Sheriff Torres was to be added as a named insured to the policy (doc. 41).

Lexington subsequently filed the motion to stay and compel arbitration with accompanying memoranda, specifically requesting this case be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or alternatively compel arbitration pursuant to the Federal Arbitration Act and stay the claims while arbitration is pending (docs. 48, 55). Lexington maintains the provisions of the Cooperative Endeavor Agreement entered into by Lexington and Sheriff Torres as a named insured require the parties to arbitrate all disputes that arise that pertain to the terms and conditions of the agreement (doc. 48). The Cooperative Endeavor Agreement provides in pertinent part:

> 9. **ARBITRATION**: It is agreed and understood between the parties herein, their successors and assigns, that should any dispute arise as to the terms and conditions of this agreement, that said matter will be settled by arbitration of three (3) arbitrators, whose majority decision shall be final and binding upon the parties hereto.

(doc. 48, Ex. A).

## LAW AND DISCUSSION

The Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an

2

> agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

When considering a motion to compel arbitration, the Court must determine first whether a valid arbitration agreement exists between the parties, and second, whether the dispute is within the scope of the arbitration agreement. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009). Neither party disputes there is a valid agreement that provides for arbitration, thus the question for the Court is whether the dispute is within the scope of the arbitration clause.

The Court notes at the outset that "[f]ederal courts have supported [a] strong policy in favor of arbitration." *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 906 (5th Cir. 2005). *See also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). "[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297 (5th Cir. 2004). Furthermore, "individuals seeking to avoid the enforcement of an arbitration agreement face a high bar." *Id.*

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983); See also *Neal v. Hardee's Food System's, Inc.*,

918 F.2d 34, 37 (5th Cir. 1990). "A valid agreement to arbitrate applies unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Personal Sec. & Safety Systems, Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) (internal quotation marks omitted).

The issue presented by the third party claim is whether Lexington Insurance Company is obligated under the terms of the Cooperative Endeavor Agreement to indemnify Sheriff Torres in the event he is found liable in the claim asserted by plaintiff, Harold West, Sr. The issue presented by the present motion is whether the terms and conditions of the agreement mandate arbitration to resolve the third party claim.

The Court finds that both issues are arguably arbitable. "If the subject matter of the dispute is arguably arbitable (resolving all doubts in favor of coverage), then it is for the arbitrator to decide whether or not the dispute may be arbitrated." *Alabama Power Co. v. Local Union No. 391, International Brotherhood of Electrical Workers*, 612 F.2d 960, 963 (5th Cir. 1980) (citing *Palestine Telephone Company v. Local Union 1506 of International Brotherhood of Electrical Workers*, 379 F.2d 234, 240 (5th Cir. 1967).

## CONCLUSION

Accordingly, the motion by Lexington to stay cross-claim and compel arbitration (doc. 48) is hereby **GRANTED**, and proceedings regarding the issue of indemnification between Sheriff Torres and Lexington shall be stayed pending arbitration as set forth in the Cooperative Endeavor Agreement.

Baton Rouge, Louisiana, July 27, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA